1 ¡.SUSAN M. CHEHARDY, Judge.
In this appeal, plaintiff appeals the trial court’s award to the lienholder, Healthcare Recoveries. For the following reasons, we affirm the trial court’s judgment.
On June 18, 1998, plaintiff, Lester Gardner, Jr., was a guest passenger in a vehicle driven by Kelon Thomas, owned by Theresa Washington, and insured under a policy owned by Claude Washington. After experiencing a blowout in the left front tire while riding on the elevated portion of I — 10 in St. Charles Parish, Thomas parked the vehicle on the left shoulder of the interstate and attempted, with Gardner and another guest passenger, to change the flat tire.
While they were attempting to change the tire, their vehicle was struck by another vehicle driven by James Langley, who was within the course and scope of his employment with Acosta Sales Company. As a result of this collision, Gardner suffered a broken ankle, which eventually required surgery, and other injuries requiring medical attention. Healthcare Recoveries was the plaintiffs healthcare provider at that time and provided services after the accident totaling $10,077.27.
LOn May 10, 1999, Gardner[1] filed suit against Kelon Thomas, Theresa Washington, James Langley, Acosta Sales, and their insurers. On October 1, 2001, Thomas’s and Washington’s insurer tendered a *691 settlement check to Gardner for $10,000.00, the limit of their liability policy. According to the record, the settlement was later refused.
On May 14, 2002, trial commenced and the trial judge found in favor of Gardner against the defendants and apportioned fault 60% to Thomas, 20% to Langley, and 20% to plaintiff. The trial judge awarded damages of $10,077.27 for medical expenses and $30,000.00 for “all other general and special damages” to plaintiff. The trial judge specifically cast defendants Langley, Acosta Sales, and their insurer in judgment for $8,154.00 with legal interest. Finally, the judge assessed all court costs to defendant Thomas. Judgment to that effect was signed on May 31, 2002.
On July 18, 2002, Thomas and Washington’s insurer moved to enforce the settlement seeking a determination from the trial court of the amount owed to the lienholder, Healthcare Recoveries, and permission to deposit the settlement funds into the registry of the court. On July 23, 2002, the remaining defendants, Langley, Acosta Sales and their insurer, moved to deposit their judgment funds into the registry of the court alleging that the plaintiff has refused to accept their tender of $10,036.85 in satisfaction of the judgment against them. The trial judge granted this motion. On October 14, 2002, after a hearing, the trial judge permitted Thomas and Washington’s insurer to deposit $10,000.00 into the registry of the court and ordered that, upon deposit, the matter was dismissed in its entirety with prejudice.
|40n November 19, 2002, plaintiffs counsel filed a motion to determine lienholder’s interest, in which counsel “argues that Healthcare Recoveries has waived or abandoned its lien by failing to appear for the ... hearing after having been served with notice to appear.” In its judgment dated January 22, 2003, the trial judge recognized that the lien by Healthcare Recoveries is a “statutorily created privilege in favor of medical providers that furnish services to injured persons as codified at La. R.S. 9:4751 ... which is effective if the lienholder provides written notice of its lien prior to the payment of any judgment, settlement, or compromise ... to an injured person.”[2]
The trial judge denied the plaintiffs motion to release Healthcare Recoveries lien and disbursed the $20,036.85, which had been deposited into the Court’s registry, as follows: $10,077.27 to Healthcare Recoveries and the remainder to be divided between the plaintiff and his attorney in accordance with their contract. The plaintiff appeals the denial of his motion to release the lien.
On appeal, plaintiff argues that the trial court erred in denying his motion to release the lien on the grounds that “the law concerning lien holders[sie] is only a device of protection when a case is settled.” The plaintiff contends that La. R.S. 9:4751 et seq. do not apply when a case goes to trial because, in a trial scenario unlike a settlement, the lienholder can intervene and protect its interest. We disagree.
La. R.S. 9:4752, which allows for a privilege in favor of an injured party’s medical providers on proceeds collected from a third party, reads, in part:
*692 A health care provider ... that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider ... on the net amount payable to the injured person ..., out of the total amount of any recovery ... whether by judgment or by settlement ... from another person on account of | Bsuch injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person.
We find, therefore, that plaintiffs argument that the statutorily-created privilege for healthcare providers “is only a device of protection when a case is settled” is flawed. The statute at issue clearly provides a privilege on the total amount of any recovery by judgment, settlement, or compromise.
We conclude, therefore, that the trial judge’s well-reasoned ruling on the plaintiffs motion to determine lienholder’s interest is without error. Costs of this appeal are assessed to plaintiff.

AFFIRMED.

. James Gardner, Jr. was a minor at the time the lawsuit was filed so his father, Lester *691 Gardner, Sr., was the named plaintiff. By the time of trial, Mr. Gardner, Jr. had reached the age of majority and was substituted as proper party plaintiff at trial.

. Both plaintiff's counsel and Thomas and Washington's counsel acknowledged at the hearing on the motion to determine the lien-holder's interest that their clients had been notified in writing by Healthcare Recoveries of its privilege on any recovery that plaintiff received. See La. R.S. 9:4752 et seq.